1 | Warren Lipschitz*
wlipschitz@mckoolsmith.com
2 | MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
3 | Dallas, Texas 75201
Telephone: (214) 978-4000
4 | Facsimile: (214) 978-4044

5 | Eliza Beeney*
ebeeney@mckoolsmith.com
6 | MCKOOL SMITH, P.C.
One Manhattan West
7 | 395 9th Avenue, 50th Floor
New York, NY 10001-8603
8 | Telephone: (212) 402-9400
Facsimile: (212) 402-9444

9 | James R. Patterson, SBN 211102
10 | jim@pattersonlawgroup.com
Jennifer M. French, SBN 265422
11 | jenn@pattersonlawgroup.com
PATTERSON LAW GROUP, APC
12 | 1350 Columbia Street, Unit 603
San Diego, California 92101
13 | Telephone: (619) 756-6990
Facsimile: (619) 756-6991

*pro hac vice application forthcoming

*Attorneys for Applicant
Nokia Technologies Oy*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re Ex Parte* Application of Nokia Technologies Oy,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for use in Foreign Proceedings. | CASE NO.:<br><br>**DECLARATION OF CHRISTIAN HARMSEN IN SUPPORT OF APPLICATION OF NOKIA TECHNOLOGIES OY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM QUALCOMM INCORPORATED FOR USE IN FOREIGN PROCEEDINGS** |

HARMSEN DECL. IN SUPPORT OF NOKIA'S APPLICATION FOR AN ORDER
GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

I, Christian Harmsen, hereby declare as follows:

1. I am a German qualified attorney and a partner at the law firm of Bird & Bird LLP. I received my law degree from Hamburg University in 1993 and passed the bar exam at the Higher Regional Court Hamburg in 1997. I was admitted to the Düsseldorf bar in 1997.

2. I focus my practice on international patent litigation and act as the head of Bird & Bird's German Intellectual Property Group as well as co-head of our International Intellectual Property Group. I am also Chairman of the German Intellectual Property and Copyright Association's (GRUR) section West and serve on the GRUR committee on patent and utility model law. I am a member of the International Association for the Protection of Intellectual Property (AIPPI), the European Patent Lawyer Association (EPLAW), and the American Intellectual Property Law Association (AIPLA).

3. I have personal knowledge of all facts stated in this declaration and if called as a witness, could and would competently testify to these facts.

4. I respectfully submit this declaration in support of the Application of Nokia Technologies Oy ("Nokia") for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (the "Application").

The German Actions

5. On July 1, 2021, Nokia filed two patent infringement actions in the Regional Court of Düsseldorf in Germany (the "German Actions"). The actions were filed against Orope Germany GmbH and Guangdong Oppo Mobile Telecommunications Corp. Ltd (in the following: "Oppo") (Regional Court Düsseldorf – 4c O 37/21) and against Reflection Investment B.V. Limited and OnePlus Technology (Shenzhen) Co. Ltd. (in the following: "OnePlus") (Regional Court Düsseldorf – 4c O 36/21). I am lead counsel for Nokia in the German Actions. In the German Actions, Nokia alleges that certain OnePlus and Oppo cellular phones

---
1

infringe Nokia's patent, European Patent No. EP 2 728 964 B1 (the "964 Patent"), which relates to a system for managing multiple radio modems incorporated within a wireless communication device. Nokia's allegations are based, in part, on the function of Qualcomm Incorporated ("Qualcomm") computer chips in the Accused Products.

6. Qualcomm is not a party to the German Actions.

7. The proceedings in the German Actions are at an early stage, and the German court has not issued any substantive rulings. Nokia has not sought or obtained any discovery in the German Actions.

German Discovery Procedures

8. Germany is a civil law system, where there is generally no right to pre-trial discovery. Instead, there are a limited number of procedural provisions which allow a party to request evidence pre-trial on limited basis.

9. According to sec 809 BGB (German Code of Civil Law) a person who has a claim in respect of a thing against its possessor or wishes to obtain certainty as to whether he has such a claim may, if inspection of the thing is of interest to him for this reason, demand that the possessor present the thing to him for inspection or permits inspection.

10. According to sec 810 BGB (German Code of Civil Law) a person who has a legal interest in inspecting a document in the possession of another person may demand from its possessor permission to inspect it if the document was drawn up in his interests or if in the document a legal relationship existing between himself and another is documented or if the document contains negotiations on a legal transaction that were engaged in between him and another person or between one of the two of them and a joint intermediary.

11. According to sec 140c PatG (German Patent Act), any person who with sufficient likelihood uses a patented invention contrary to sections 9 to 13 PatG may be sued by the right holder or by another entitled person for production of a document or inspection of an item which lies in his control or of a process which is the subject-

matter of the patent if this is necessary for the purpose of establishing the claims of the right holder or another entitled person.

12. There are further options according to sec 142, 144 ZPO (German Code of Civil Proceedings) for production within German proceedings. Herewith, the court may direct one of the parties or a third party to produce records or documents.

13. Nokia would not be able to obtain the pre-trial discovery sought in the Application in the German Actions.

14. First, although Nokia is highly confident that documents responsive to the requests made in the Application exist, Nokia has no way to identify them with the specificity required by German law.

15. Second, German courts can only reach documents and information located in Germany. Therefore, to the extent OnePlus or Oppo possesses relevant documents in China, or Qualcomm possesses relevant documents in the United States, the German court would not have the power to require OnePlus, Oppo, or Qualcomm to produce these documents.

16. German courts are receptive to evidence obtained through section 1782 proceedings in the United States as there is a free evaluation of evidence. According to sec 286 ZPO (German Code of Civil Proceedings) the court is to decide, at its discretion and conviction, and taking account of the entire content of the hearings and the results obtained by evidence being taken, if any, whether an allegation as to fact is to be deemed true or untrue. There are only very limited evidence exclusion rules in case of a violation of constitutionally protected individual rights which do not apply here.

17. I am not aware of any rule or policy prohibiting a party from seeking evidence via section 1782 or declaring such evidence inadmissible in German legal proceedings. Rather, I have seen German courts admitting such evidence. For example, I recently represented the defendant in the action Bayer Healthcare LLC / Nektar Therapeutics at the Regional Court Munich I (21 O 21530/13) where Bayer

Healthcare LLC introduced facts and evidence obtained from Nektar Therapeutics in section 1782 proceedings without objection from the court.

18. Nokia will be able to submit any documents obtained through the Application in the German Actions by written submission of facts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of July, 2021 at Düsseldorf, Germany.

/s/ _____
Christian Harmsen