Warren Lipschitz*
wlipschitz@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Eliza Beeney*
ebeeney@mckoolsmith.com
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001-8603
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

James R. Patterson, SBN 211102
jim@pattersonlawgroup.com
Jennifer M. French, SBN 265422
jenn@pattersonlawgroup.com
PATTERSON LAW GROUP, APC
1350 Columbia Street, Unit 603
San Diego, California 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

*pro hac vice application forthcoming

Attorneys for Applicant
Nokia Technologies Oy

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re Ex Parte* Application of Nokia Technologies Oy,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for use in Foreign Proceedings. | CASE NO.:<br><br>**DECLARATION OF ROHIN KOOLWAL IN SUPPORT OF APPLICATION OF NOKIA TECHNOLOGIES OY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM QUALCOMM INCORPORATED FOR USE IN FOREIGN PROCEEDINGS** |

I, Rohin Koolwal, hereby declare as follows:

1. I am an Indian qualified attorney and a Managing Associate at the law firm of Anand and Anand. I received my law degree from IIT Kharagpur in 2015 and was admitted to the Indian bar in 2015.

2. I focus my practice on Indian and International patent litigation as a member of Anand and Anand's litigation practice.

3. I have personal knowledge of all facts stated in this declaration and if called as a witness, could and would competently testify to these facts.

4. I respectfully submit this declaration in support of the Application of Nokia Technologies Oy ("Nokia") for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (the "Application").

<u>The Indian Action</u>

5. On July 1, 2021, Nokia filed a patent infringement action against (1) Guangdong Oppo Mobile Telecommunications Corp., Ltd. and Oppo Mobiles India Private Limited (together, "Oppo"), (2) Realme Mobile Telecommunication (India) Private Limited ("realme"), and (3) OnePlus Technology (Shenzhen) Co. Ltd. ("OnePlus") and OnePlus Technology India Pvt. Ltd. (together, "OnePlus") in the High Court of Delhi in India, captioned CS (COMM) 304/2021, *Nokia Technologies Oy v. Guangdong Oppo Mobile Telecommunications Corp., Ltd. & Ors.* (the "Indian Action"). I am counsel for Nokia in the Indian Action.

6. In the Indian Action, Nokia alleges that certain Oppo, OnePlus, and realme cellular phones ("Accused Products") infringe Nokia's patents, including Indian Patent No. 266531 (the "IN'531 Patent"), which provides for efficient management of multiple radio modems incorporated within a single device. Particularly, it relates to a distributed multiradio control system configured to avoid communication conflicts in a user device having a plurality of radio modems

2

potentially active simultaneously.

7. IN'531 Patent is the Indian counterpart to European Patent No. EP 2 728 964 B1.

8. Nokia's allegations are based, in part, on the function of Qualcomm Incorporated ("Qualcomm") computer chips in the Accused Products. Qualcomm is not a party to the Indian Action.

9. The proceedings in the Indian Action are at an early stage, and the Indian court has not issued any substantive rulings. Nokia has not sought or obtained any discovery in the Indian Action (except the disclosure of the Defendants' assets and sales data in respect of the infringing devices).

Indian Discovery Procedures

10. India is a common law system, where parties have a right to pre-trial discovery. There is a body of procedural provisions which allows a party to request evidence. In particular:

    a. Parties are required to disclose all relevant documents in their power or possession, and to file copies thereof. Such disclosure and/or production must be made by the parties at the earliest opportunity, and save for exceptional circumstances, before the start of trial;

    b. A party is permitted to seek production of particular documents or a class of particular documents which are relevant to a matter in question in the action, but which are believed to be in the possession or power of the adverse party;

    c. The court may direct a party to produce documents sought by the adverse party, except where the adverse party is able to provide sufficient reasons for non-production; and

    d. The duty to disclose documents continues until the disposal of the action.

11. However, Nokia would not be able to obtain the discovery sought in the Application in the Indian Action.

12. First, although Nokia is highly confident that documents responsive to the requests made in the Application exist, Nokia has no way to identify them with the specificity required by Indian law.

13. Second, the Indian court can only direct a party to the Indian Action to disclose documents in its power, possession, control or custody. As Qualcomm is not a party to the Indian Action, no effective order directing discovery of the documents sought can be made in the Indian Action.

14. Indian courts are receptive to evidence obtained through section 1782 proceedings in the United States. In fact, Indian courts when deciding the question of whether to allow production of any documents or evidence, only consider the following:

> a. Whether the document/evidence sought to be discovered and produced is relevant to the matter in controversy and will help answer the real question(s) in controversy before the court; and
>
> b. Whether production of such evidence will cause any undue hardship or prejudice to the adverse party.

15. I am not aware of any rule or policy prohibiting a party from seeking evidence via section 1782 or declaring such evidence inadmissible in Indian legal proceedings. In fact, Indian courts routinely honour requests for collection of evidence from foreign courts and are understood to be equally receptive towards evidence obtained through proceedings before a foreign court or tribunal, provided that it is relevant to the matter in controversy. For example, in an order dated 4th May 2016 in *Pfizer Inc. & Ors. v. Unimark Remedies Ltd.*, the Bombay High Court reacting to a *Letters Rogatory* issued by the United States District Court for the District of Delaware appointed a commission for collection of evidence for use in

4

KOOLWAL DECL. IN SUPPORT OF NOKIA'S APPLICATION FOR AN ORDER GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

the trial of the patent infringement suit pending before the Delaware Court. Attached hereto as Exhibit B is a true and correct copy of the Bombay High Court's decision.

16. Nokia will be able to submit any documents obtained through the Application in the Indian Action by filing said documents with the registry of the Indian court in the ordinary course, clearly indicating the source of such documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of July, 2021 at Jaipur, India.

/s/ _____
Rohin Koolwal