1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re Ex Parte* Application of Nokia Technologies Oy,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for use in Foreign Proceedings. | CASE NO.: 3:21-mc-01011<br><br>**PROTECTIVE ORDER** |

1    The Court having reviewed the Joint Motion for Protective Order submitted by Applicant Nokia Technologies Oy ("Nokia") and Respondent Qualcomm Incorporated ("Qualcomm") and finding good cause therefore, IT IS HEREBY ORDERED THAT the motion is granted and the parties are ordered to comply with the terms of the provisions herein.

**A.    Definitions**

1. "Material" means all information, documents, testimony, and things produced, served, or otherwise provided in this action or one or more of the Foreign Actions.

2. "Confidential Information" means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3. The "Foreign Actions" means the actions initiated by Nokia against Guangdong Oppo Mobile Telecommunications Corp., Ltd. ("Oppo"), OnePlus Technology (Shenzhen) Co. Ltd. ("OnePlus"), and realme Mobile Telecommunications ("realme") (collectively, the "Defendants") for patent infringement pending in (1) the Regional Court of Düsseldorf in Germany, Case Nos. 4c O 37/21, 4c O 36/21 and (2) the High Court of Delhi in India, Case No. CS (COMM) 304/2021.

4. "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" material means information, documents, and things that include or incorporate Qualcomm's Confidential Information.

5. "Party" means Nokia Technologies Oy ("Nokia"), including all of its respective officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff). In addition to Nokia, this definition shall also include the Defendants named in the Foreign Actions, including all of their respective officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff), if each such entity returns to Qualcomm

and Nokia an executed copy of the "Acknowledgment and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A.

6. "Authorized Reviewer(s)" means persons authorized to review "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" material in accordance with this Order.

7. "Designated QUALCOMM Material" means material that is designated "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

8. "Counsel of Record" means attorneys for a Party who are not employees of a Party that have either (a) appeared in this action or (b) executed Exhibit A and either appeared in one or more of the Foreign Actions or been retained to represent or advise a Party in one or more of the Foreign Actions.

9. "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to one or more of the Foreign Actions who has been retained by Counsel of Record to serve as an expert witness or consultant in one or more of the Foreign Actions (including any necessary support personnel of such person to whom disclosure is reasonably necessary for one or more of the Foreign Actions), and who is not a current employee of a Party, of a competitor of a Party, or of Non-Party Qualcomm, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of (a) a Party, (b) a competitor of a Party, or (c) a competitor of Qualcomm.

10. "Producing Party" means a Party or Qualcomm that produces Designated Qualcomm Material.

11. "Receiving Party" means a Party that receives Designated Qualcomm Material in this action or in one or more of the Foreign Actions.

12. "Professional Vendors" means persons or entities that provide support services in one or more of the Foreign Actions (*e.g.*, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and

subcontractors who have been retained or directed by Counsel of Record in one or more of the Foreign Actions, and who are not current employees of a Party, of a competitor of a Party, or of Non-Party Qualcomm, and who, at the time of retention, are not anticipated to become employees of (a) a Party, (b) a competitor of a Party, or (c) a competitor of Qualcomm. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with one or more of the Foreign Actions to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

### B.  Scope

13.  Material produced in this action that includes Qualcomm Confidential Information shall contain the legend "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" on each page of the Material. A Receiving Party may use Designated Qualcomm Material only for prosecuting, defending, or attempting to settle one or more of the Foreign Actions. Designated Qualcomm Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Foreign Actions have been terminated, a Receiving Party must comply with the provisions of Section I below ("Final Disposition").

14.  The protections conferred by this Order cover not only Designated Qualcomm Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. This Order shall not prevent a disclosure to which Qualcomm consents in writing before that disclosure takes place.

### C.  Access To Designated Qualcomm Material

15.  Designated Qualcomm Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures, to the greatest extent possible, that access is limited to the persons authorized under this Order.

16. Unless otherwise ordered by the Court or permitted in writing by Qualcomm, a Party may disclose any information, document or thing designated "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" only to:

    a. Persons who appear on the face of the Designated Qualcomm Material as an author, addressee, or recipient thereof, or persons who are a corporate representative of a company that appears on the face of the Designated Qualcomm Material;

    b. Counsel of Record who have signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A;

    c. Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for one or more of the Foreign Actions, and who have signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

    d. Any judge who is assigned to one or more of the Foreign Actions and his or her staff (collectively, a "Judge");

    e. Any person appointed by a Judge to provide expert assistance in relation to the technical issues in dispute in one or more of the Foreign Actions;

    f. Court reporters, transcript writers, and videographers employed in connection with one or more of the Foreign Actions; and

    g. Professional Vendors to whom disclosure is reasonably necessary for one or more of the Foreign Actions, and a representative of which has signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A.

    h. The Parties will provide Qualcomm with copies of all signed "Acknowledgement and Agreement to Be Bound by the Protective

Order" attached hereto as Exhibit A and "Certification of Consultant" attached hereto as Exhibit B within 10 days of their execution.

17. Absent court order or agreement of Qualcomm, Designated Qualcomm Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff, unless otherwise permitted by Paragraph 16.

18. The Parties acknowledge that Designated Qualcomm Material also may be subject to the US government export control and economic sanctions laws, including (1) the Export Administration Regulations ("EAR," 15 CFR 730 *et seq.*, http://www.bis.doc.gov/) administered by the Department of Commerce, Bureau of Industry and Security, and (2) the Foreign Asset Control Regulations (31 CFR 500 *et seq.*, http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer, or release (collectively, "Export") any Designated Qualcomm Material to any destination, person, entity, or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E: 1/2 of the EAR (Supplement 1 to part 740). Export Controlled Information disclosed in this action will be used only for the purposes of this action and the Foreign Actions. Outside Counsel or other individuals authorized to receive Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law.

19. Absent written permission from Qualcomm, persons not permitted access to Designated Qualcomm Material under the terms of this Protective Order shall not be present while Designated Qualcomm Material is discussed or otherwise disclosed. All proceedings shall be conducted in a manner, subject to the supervision of the applicable court, to protect Designated Qualcomm Material from disclosure to persons not authorized to have access to such Designated Qualcomm Material. Any

Party intending to disclose or discuss Designated Qualcomm Material must give advance notice to Qualcomm. To the extent that this provision is inconsistent with the procedural law governing one or more of the Foreign Actions, the Party intending to disclose or discuss Designated Qualcomm Material shall, in connection with the Foreign Action: (a) comply with the provisions of Paragraph 25 to the extent permissible under applicable procedural law, and (b) formally request that the court hearing the Foreign Action restrict third party access to Designated Qualcomm Material to the greatest extent permissible under applicable law.

### D.   Access By Outside Consultants

20. <u>Notice</u>: If a Receiving Party wishes to disclose Designated Qualcomm Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated Qualcomm Material, provide notice to counsel for Qualcomm, which notice shall include: (a) the individual's name, business title, and country of citizenship; (b) the individual's business address; (c) the individual's business or profession; (d) the individual's curriculum vitae; (e) any previous or current relationship (personal or professional) with Qualcomm or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy (including technology at issue) or employment, the case name and information if the consultancy is litigation-related, and a copy of (1) the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A and (2) the "Certification Of Consultant" attached hereto as Exhibit B, each signed by that Outside Consultant. Nothing in this provision shall be construed to require the disclosure of any information that is prohibited by the Outside Consultant's confidentiality or other obligations. Notice shall be provided to David Kays, 333 West San Carlos Street, Suite

1050, San Jose, CA 95110, via email to dkays@mffmlaw.com, dwaslif@mffmlaw.com, and flugo@mffmlaw.com.

21. <u>Objections</u>: With respect to Outside Consultants disclosed to Qualcomm pursuant to Paragraph 20, Qualcomm shall have five (5) business days from receipt of notice and all of the information specified in Paragraph 20 to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than hand delivery, e-mail delivery, or facsimile transmission). After the expiration of the 5-day (plus 3-day, if appropriate) period, if no objection for good cause has been asserted by Qualcomm, then Designated Qualcomm Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. Any objection by Qualcomm must be made for good cause, and must set forth in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party and Qualcomm must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within fourteen (14) business days from the date upon which Receiving Party was first notified of any objection(s) for good cause by Qualcomm, Receiving Party may file a motion in this action requesting that the objection(s) be quashed after that five (5) day period has passed. Qualcomm shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection(s) for good cause by Receiving Party and Qualcomm, the discovery material shall not be disclosed to the person objected to by Qualcomm.

**E.     Prosecution and Development Bar**

22. Unless otherwise permitted in writing between Qualcomm and Receiving Party, any individual who personally receives, other than on behalf of Qualcomm, any material designated "QUALCOMM — OUTSIDE ATTORNEYS EYES ONLY" shall not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application related to the

particular technology or information disclosed in the Designated Qualcomm Material, from the time of receipt of such material through the time the individual person(s) cease to have access to material designated "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY," as well as any materials that contain or disclose QUALCOMM Material so designated. This provision shall not apply to post-grant proceedings, including reexamination, inter partes review, or opposition proceedings filed in relation to the patents-in-suit or foreign counterparts.

23. Unless otherwise permitted in writing between Qualcomm and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be given access to documents or source code designated as "QUALCOMM — OUTSIDE ATTORNEYS EYES ONLY" produced by Qualcomm or another Party must agree in writing not to perform hardware or software development work or product development work intended for commercial purposes related to the particular technology or information disclosed in the Designated Qualcomm Material from the time of first receipt of such material through the date the Outside Consultant ceases to have access to any material designated "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY," as well as any materials that contain or disclose QUALCOMM Material so designated.

### F. Protected Material Subpoenaed or Ordered Produced in Other Litigation or the Foreign Actions

24. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents, or things designated in this action as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY," Receiving Party must notify the Producing Party and Qualcomm of such information, documents, or things, in writing (by fax or email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order, if one exists. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered

by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must provide a copy of this Protective Order promptly to the party in the action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order, and to afford the Party whose Designated Qualcomm Material is at issue an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and expenses of seeking protection of its Designated Qualcomm Material in that court. Nothing in these provisions should be construed as authorizing or encouraging any Authorized Reviewer(s) in this action to disobey a lawful directive from another court.

### G. Unauthorized Disclosure of Designated Qualcomm Material

25. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Qualcomm Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party and Qualcomm of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Designated Qualcomm Material, (c) inform the person or persons to whom unauthorized disclosure(s) was made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's or Qualcomm's rights to seek remedies for a violation of this Protective Order.

### H. Duration

26. The confidentiality obligations imposed by this Protective Order shall remain in effect following the termination of this action, or until Qualcomm agrees otherwise in writing or a court order otherwise directs.

### I. Final Disposition

27. Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of the Foreign Actions, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated Qualcomm Material produced by Qualcomm or any other Party in this action, as well as destroy or redact all work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence containing information from such Designated Qualcomm Material ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Producing Party with a certification stating that it, including its outside counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated Qualcomm Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

### J. Effective Date

28. The Parties and Qualcomm agree that this Protective Order will be legally binding from the date upon which it is submitted to the Court for entry, in the form that it is submitted to the Court.

29. This Protective Order is entered without prejudice to the right of any Party or Qualcomm to apply to this Court at any time for modification or amendment of this Protective Order, when convenience or necessity requires.

30. All notices to Qualcomm required by this Protective Order shall be made to David Kays, 333 West San Carlos Street, Suite 1050, San Jose, CA 95110, via email to dkays@mffmlaw.com, dwaslif@mffmlaw.com, and flugo@mffmlaw.com.

**IT IS SO ORDERED.**

Date: December 13, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

## BY THE PROTECTIVE ORDER

I, _____, declare and say that:

1. I am employed as _____ by _____ .

2. I have read the Protective Order entered in *In re Ex Parte Application of Nokia Technologies Oy,* Case No. 3:21-mc-01011 (S.D. Cal.), and have received a copy of and agree to be bound by the Protective Order.

3. I promise that I will use any and all "Designated Qualcomm Material" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

4. I promise that I will not disclose or discuss such "Designated Qualcomm Material" information with anyone other than the persons authorized under the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of information designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

[Printed name]: _____

[Signature]: _____

# EXHIBIT B

### CERTIFICATION OF CONSULTANT

I, _____, of _____

_____ declare and say that:

    1.    I am not an employee of the Party who retained me or of a competitor of any Party or Qualcomm and will not use any information, documents, or things that are subject to the Protective Order entered in *In re Ex Parte Application of Nokia Technologies Oy*, Case No. 3:21-mc-01011 (S.D. Cal.), for any purpose other than one or more of the Foreign Actions and as permitted in the Protective Order.  I agree not to perform hardware or software development work or product development work intended for commercial purposes, or  participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application, related to the particular technology or information disclosed in the Designated Qualcomm Material, from the time of receipt of such material through and including the date that I cease to have access to any material designated "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY."

    2.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

    3.    I understand that any disclosure or use of information designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

[Printed name]: _____

[Signature]: _____